## CARNES *et al. v.* BAKER *et al.*

A devise, made prior to the adoption of the code, to one person. for life, with remainder over to two others, and after their death, to their bodily heirs, upon the death of the life-tenant vests the fee to the estate devised in the remaindermen as tenants in common; and upon the death of either, his heirs. are entitled to take the interest devised to him by descent from him, and not by purchase under the will.

Argued April 13,—Decided May 5, 1897.

Equitable petition. Before Judge Reese. Hart superior court. January 23, 1896.

*W. L. Hodges,* for plaintiffs in error.

*A. G. McCurry,* contra.

Atkinson, Justice.

The questions made in this case arose upon the following state of facts: Holloway Carnes died in August, 1860, leaving a will dated May 12, 1860, containing this item:

"The balance of my whole estate, both real and personal, to belong to my beloved sister Liddy Carnes for and during her natural life or while unmarried, and when married or at her death, to belong to my two brothers, to wit Samuel and Richard Carnes, and after the death of Samuel and Richard Carnes, to belong to the bodily heirs of said Samuel and Richard Carnes."

Liddy Carnes held possession and enjoyment of the land descending under this item until her death in October, 1893. Richard Carnes died in May, 1891, leaving six children, and seven grandchildren who are children of his deceased daughter. Samuel Carnes is living, having five children, and a granddaughter who is a child of his deceased son. The deceased children of Richard and Samuel Carnes died after the death of the testator. This action was brought by Baker et al., heirs at law of Richard Carnes, contending that they are entitled to the use and enjoyment of an undivided half-interest in the land during the life of Samuel Carnes (who is holding exclusive possession of the whole), that at his death they will be entitled to share as tenants in common with his heirs at law in the fee, and that the children of Samuel and Richard Carnes inherit at their death per capita and not per stirpe. Defendants contend, that Samuel Carnes is entitled to the sole use and enjoyment of the land during his life, and at his death the children of Richard and Samuel Carnes will inherit per stirpe and not per capita.

The trial judge ruled, that after the death of Liddy Carnes, Samuel and Richard Carnes took a vested remainder in fee in the land. To this decision defendants excepted.

The principle announced in the case of *Wilkerson v. Clark*, 80 *Ga.* 367, is controlling upon the proposition,

that the devise under consideration in the present case, upon the death of the life-tenant named therein, vested the fee to the estate devised in the remaindermen; and joint tenancy having been abolished by statute in this State, all such estates which under the English common law would have been held to have been joint tenancies having been by such statute declared to be tenancies in common, the devisees in remainder took as tenants in common, and upon the death of either, he dying intestate, the interest devised to him descended to his heirs, who took by virtue of the statute of distribution; and it follows, therefore, that the trial judge did not err in ruling that, after the death of the life-tenant, the two remaindermen took a fee simple estate in the premises devised.

    *Judgment affirmed. All the Justices concurring.*